# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD TRAYWICK, M12052, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 17-cv-943 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| JACQUELINE LASHBROOK, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons set forth below, the Court denies Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 [1] on the ground that the petition is time-barred under the one-year statute of limitations that applies under the Antiterrorism and Effective Death Penalty Act. The Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2), and directs the Clerk to enter judgment against Petitioner and in favor of Respondent.

**I.      Background**

In 2010, a jury in the Circuit Court of Cook County found Petitioner Edward Traywick guilty of first-degree murder in connection with the December 2003 shooting death of Bryan Ricks. Petitioner was sentenced to 40 years of imprisonment, and the Illinois Appellate Court affirmed his conviction on March 20, 2012. See *People v. Traywick*, 2012 WL 6944047 (Ill. App. Ct. Mar. 20, 2012). Petitioner subsequently filed a petition for leave to appeal to the Illinois Supreme Court. On September 26, 2012, the Illinois Supreme Court denied the petition. See *People v. Traywick*, 979 N.E.2d 887 (Ill. 2012) (Table).

On June 26, 2013, with the assistance of counsel, Petitioner filed a post-conviction petition challenging his conviction in the Circuit Court of Cook County. The trial court denied

this petition.  Petitioner appealed to the Illinois Appellate Court, which affirmed the denial of Petitioner's post-conviction petition on March 28, 2016.  See *People v. Traywick*, 2016 WL 1221709 (Ill. App. Ct. Mar. 28, 2016).  Petitioner did not file a petition for leave to appeal this decision to the Illinois Supreme Court.  According to Petitioner, his post-conviction attorneys only appealed to the Appellate Court but would not appeal beyond that "because they said [he] wouldn't get any relief."  [1, at 4.]

On January 31, 2017, Petitioner mailed his federal habeas petition to this Court pursuant to 28 U.S.C. § 2254, and it was filed on the Court's docket on February 3, 2017.[1]  Petitioner raises six grounds for relief in his petition.  First, Petitioner argues that he was convicted on a theory of accomplice liability that was not charged in his indictment.  [1, at 5.]  Second, Petitioner challenges that a statement from the victim that Petitioner did not harm him should have been allowed at trial.  [*Id.*, at 6.]  Third, Petitioner challenges the 15-year sentencing enhancement he received.  [*Id.*]  Fourth, Petitioner argues that he was forced to confess to the crime with which he was charged, although he did not commit it, because the Chicago police officers investigating the murder abused him.  [*Id.*, at 7.]  Fifth, Petitioner challenges the jury instructions used at his trial.  [*Id.*, at 10.]  Finally, Petitioner argues that his appellate counsel was ineffective for failing to raise arguments regarding the sentencing enhancement that he received.  [*Id.*]

## II.  Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996, habeas relief cannot be granted unless the state court's decision was contrary to, or involved an unreasonable application of, federal law as determined by the Supreme Court.  See *Williams v. Taylor*, 529 U.S. 362,

---

[1] Petitioner submitted his petition using the Northern District of Illinois's form for persons in federal custody, which references 28 U.S.C. § 2255.  [See 1.]  However, as Petitioner is clearly in state custody, the Court will construe his petition as having been properly filed pursuant to 28 U.S.C. § 2254.

402–03 (2000); *Warren v. Baenen*, 712 F.3d 1090, 1096 (7th Cir. 2013). Habeas relief "has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness." *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993) (internal quotation marks and citation omitted). This is because habeas petitions require the district court "essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Habeas relief under § 2254 is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). To obtain habeas relief in federal court, "a state petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

Respondent argues that the petition must be dismissed because it is untimely. [See 11.] Habeas petitions filed under § 2254 are subject to a one-year statute of limitations. The limitations period begins on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). This limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (quoting 28 U.S.C. § 2244(d)(2)).

Here, Respondent alleges that the statute of limitations began to run on "the date on which the judgment became final by the conclusion of direct review," 28 U.S.C. § 2244(d)(1)(A), which occurred 90 days after the Illinois Supreme Court denied Petitioner's petition for leave to appeal—*i.e.*, 90 days after September 26, 2012,[2] or December 26, 2012.[3] Because Petitioner properly filed an application for State post-conviction review, the limitations period was tolled while that application was pending. In particular, the period was tolled from June 26, 2013 (the date on which Petitioner filed his post-conviction petition) to March 28, 2016 (the date on which the Illinois Appellate Court affirmed the dismissal of this post-conviction petition).[4] See *Pace*, 544 U.S. at 410. The statute of limitations thus ran for 181 days before Petitioner filed his post-conviction petition and was tolled during the pendency of Petitioner's post-conviction appeal in state court. Once those state proceedings were complete, Petitioner

---

[2] The 90 days covers the amount of time in which the petitioner could have filed a petition for a writ of certiorari from the United States Supreme Court. See S. Ct. Rule 13 (stating that a petition for writ of certiorari must be filed within 90 days after entry of judgment); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that if a petitioner does not seek certiorari to Supreme Court, the judgment becomes final under § 2244(d)(1)(A) "when the time for filing a certiorari petition expires").

[3] Strictly speaking, 90 days after September 26, 2012 is December 25, 2012. However, because this is a legal holiday, a petition for writ of certiorari would not have been due until the next accessible day— December 26, 2012. See Fed. R. Civ. P. 6(a)(1)(C).

[4] As Respondent notes, Petitioner did not file a petition for leave to appeal the March 28, 2016 decision to the Illinois Supreme Court, although he had 35 days in which to do so. See Ill. S. Ct. R. 315(b). The Seventh Circuit has reserved the question of whether the time provided for filing such a petition is treated as time during which an application is "pending," for purposes of statutory tolling if the time expires without a filing. *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008) (citing *Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000)). Because it would not affect the timeliness of Petitioner's habeas petition, and because Petitioner has not argued that he should be entitled to this extra 35 days of tolling, the Court will not include this 35-day window for filing a petition for leave to appeal in the tolled period.

had 184 more days—which calculated to September 29, 2016—within which to file a timely habeas petition in federal court. Petitioner's habeas petition was postmarked January 31, 2017, and filed on February 3, 2017. [See 1.] Therefore, according to the terms of 28 U.S.C. § 2244(d)(1)(A), Petitioner's habeas petition was filed approximately four months later and is untimely.

Petitioner does not claim that any of the statutory limitations periods set out in 28 U.S.C. § 2244(d)(1)(B), (C), or (D) applies here. Instead, Petitioner argues that he was given false information about the due date for his federal habeas petition by the law clerk at Menard Correctional Center. The law clerk informed Petitioner that all of his state court proceedings had to be resolved before he could file a federal habeas petition and, at the time Petitioner received this advice, Petitioner had filed a petition for relief from judgment (see 725 ILCS 5/2-1401) that was pending in the Circuit Court of Cook County. [20, at 1.] This petition was filed September 23, 2015, and denied on June 2, 2016.[5] [*Id.*] According to Petitioner, if he had known that the information that the Menard law clerk had given him was false, he would have filed his petition on time. [*Id.*]

Petitioner appears to be arguing that the limitations period should be equitably tolled in his case. A petitioner "is entitled to equitable tolling only if he shows (1) that he has been

---

[5] A Section 2-1401 petition for relief from judgment could toll the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) if it is considered a "properly" filed post-conviction petition. See *Smith v. Akpore*, 2014 WL 4635164, at *2–3 (N.D. Ill. Sept. 15, 2014). Petitioner does not argue that the period during which this petition was pending should be excluded from the statutory one-year limitations period, and Respondent does not address the issue. However, even assuming that this Section 2-1401 petition did toll the statute of limitations, Petitioner's habeas petition in this Court would still be untimely. With the assistance of the Court's librarians, the Court has determined that the Circuit Court of Cook County denied the petition on June 2, 2016—a fact of which the Court may take judicial notice. See *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006) (courts may take judicial notice of court dockets and opinions). If the limitations period was tolled until this date, it would continue to run for 184 more days as explained above. The limitations period would thus have expired on December 5, 2016—almost two months before Petitioner filed his federal habeas petition.

5

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). It is a petitioner's burden to establish both of these points. See *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The realm of equitable tolling is a "highly fact-dependent area" in which courts are expected to employ "flexible standards on a case-by-case basis." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (citation omitted). Nonetheless, tolling is rare; it is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (internal quotation marks and alterations omitted); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) ("Equitable tolling is an extraordinary remedy and so 'is rarely granted.'" (citation omitted)).

Petitioner is not entitled to equitable tolling because he has not demonstrated extraordinary circumstances that prevented timely filing. "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (no equitable tolling where petition was filed one day late). Miscalculation of the deadline by which to file a habeas petition does not qualify as an extraordinary circumstance, even when a petitioner relies on his attorney's miscalculation of that deadline. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013); *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) ("[A] simple legal mistake does not excuse an untimely filing."); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."). The circumstances are even less extraordinary where the petitioner relies not on the advice of an attorney, but on the advice of a fellow inmate. See *Pigram v. Williams*, 182 F. Supp. 3d 861, 865 (N.D. Ill. 2016)

(collecting cases and finding that, where petitioner received the incorrect filing deadline from a fellow inmate serving as a prison law clerk, the petitioner had not satisfied the requirements for equitable tolling); *United States ex rel. Riley v. Harrington*, 2014 WL 6882346, at *2 (N.D. Ill. Dec. 3, 2014); *Nunez v. Robert*, 2006 WL 181683, at *5 (S.D. Ill. Jan. 24, 2006) ("[T]he Court does not find that the incorrect advice provided by the civilian paralegal and inmate law clerk amounts to an extraordinary circumstance beyond [petitioner's] control in order to warrant tolling.").

Even if the Court found that an extraordinary circumstance had prevented Petitioner from filing his petition in a timely manner, Petitioner has not demonstrated that he was diligent in pursuing his rights. Petitioner's time to file his habeas petition in federal court expired on September 29, 2016. According to Petitioner, he relied on the incorrect advice that he could not file a federal petition until his Section 2-1401 petition was no longer pending; this petition was no longer pending as of June 2, 2016. But Petitioner then waited until January 31, 2017 to mail out his federal petition, leaving a period of several months (from June to September 2016) during which Petitioner could have filed a timely federal petition but failed to do so. "That window of time * * * during which [Petitioner] could have filed a petition that would arguably have been timely, ultimately dooms his equitable tolling argument." *Taylor*, 724 F.3d at 811; see also *Pace*, 544 U.S. at 419 (petitioner did not act diligently when he waited five months after state post-conviction proceedings ended to file a habeas petition in federal court). Thus, Petitioner is not entitled to equitable tolling of the statute of limitations.

In his petition, Petitioner alludes to his actual innocence of the charges for which he was convicted. [See 1, at 6] (detectives "forced defendant to confess to a crime that he didn't commit by punching him in the ribs, lower back and chest"); [*id.* at 7] ("Defendant was punched by a

7

CPD detective and forced to confess to a crime that defendant didn't commit."). A petitioner may use an actual innocence claim as a "gateway" to excuse procedural defaults that "would otherwise bar a federal court from reaching the merits of the underlying claims." *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392–93 (2013)). To present a viable claim of actual innocence, Petitioner must present evidence that has not previously been considered. *Gladney*, 799 F.3d at 896. This could be "any 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Petitioner must show that, "in light of [this] new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Gladney*, 799 F.3d at 896 (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)). Such actual innocence gateway claims are rare, though: "[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup*, 513 U.S. at 329); see also *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014) ("The actual innocence standard is a demanding one that permits review only in the extraordinary case.").

Petitioner has not presented any new evidence that would support a claim of actual innocence. This alone dooms any actual innocence gateway claim that he is attempting to make. See *Schlup*, 513 U.S. at 324 (actual innocence showing requires "new, reliable evidence * * * that was not presented at trial"); *Blackmon v. Williams*, 823 F.3d 1088, 1099 (7th Cir. 2016); see also *United States ex rel. Thivel v. Harrington*, 2014 WL 4344618, at *14 (N.D. Ill. Sept. 2, 2014) (petitioner's actual innocence argument failed where the evidence on which he based his

8

argument was not actually new). The only evidence that Petitioner's habeas petition references is the existence of x-rays that were taken showing that he was diagnosed with bruised ribs and chest wall contusions. [1, at 7.] But as the Illinois Appellate Court noted, the parties at trial stipulated that Petitioner had been diagnosed with "chest wall contusions consistent with being punched in the ribs" in February 2004. *Traywick*, 2016 WL 1221709, at *2. The jury considered this alongside the other evidence in the record in rendering a verdict. Therefore, to the extent that Petitioner is arguing for an actual innocence gateway exception to the statute of limitations, this argument fails.

In sum, Petitioner's habeas petition is untimely and not subject to any equitable tolling exception.

### III. Certificate of Appealability

Per Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Evans v. Circuit Court of Cook Cty., Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Petitioner must demonstrate that reasonable jurists would find the Court's assessment of his § 2254 claims debatable or wrong. *Miller-El*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473,

484 (2000). And in cases where a district court denies a habeas claim on procedural grounds, the court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See *Slack*, 529 U.S. at 484.

Similarly, when a habeas petition is dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the petition's timeliness "debatable." *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."); *Stamps v. Duncan*, 2014 WL 3748638, at *4 (N.D. Ill. July 30, 2014).

In view of the analysis set forth above, the Court concludes that Petitioner has not made a substantial showing that reasonable jurists would differ regarding the merits of his claims. Due to the untimeliness of Petitioner's § 2254 petition and the untenable grounds for tolling, no reasonable jurists would find the petition's timeliness "debatable." Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IV.** **Conclusion**

For these reasons, the Court denies Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 [1] on the ground that the petition is time-barred under the one-year statute of limitations that applies under the Antiterrorism and Effective Death Penalty Act. The Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2), and directs the Clerk to enter judgment against Petitioner and in favor of Respondent.

Date: March 12, 2018

_____
Robert M. Dow, Jr.
United States District Judge